UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   17 CV 1143 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Alonso |
| SAMUEL JONES, | ) | |
| JAMES JEFFRIES, and | ) | Magistrate Judge COx |
| RICKY PAGE, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

### THIRD AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

5. The Defendant Officers are duly appointed and sworn Chicago police officers.

6. At all times relevant to this Complaint, the Defendant Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant Officers are sued in their individual capacities.

8. Defendant CITY OF CHICAGO is the employer and principal of the Defendant Officers.

## Facts

9. On or about October 23, 2015, Plaintiff attempted to take an elevator down to the CTA Blue Line train near Jackson and Dearborn in Chicago, Illinois.

10. There was a Nissan car commercial being shot near this location at the time.

11. Plaintiff was not able to board the elevator.

12. Plaintiff had a confrontation with people working on the Nissan commercial.

13. Subsequently the Defendants confronted Plaintiff.

14. After the Defendants confronted Plaintiff, they beat him without justification.

15. During the beating, the Defendant Officers viciously punched Plaintiff, grabbed him by the hair, hit him in the knee, banged his head on the ground.

16. One of the Defendant Officers hit him in the face causing a tooth to come out.

17. After the beating, Plaintiff was taken to a police station.

18. Plaintiff was in severe pain and distress from the beating.

19. Plaintiff repeatedly asked to be taken to a hospital for medical attention.

20. Plaintiff was not taken to a hospital

21. Each Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

22. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, disfigurement, and emotional distress, and pecuniary damages including medical expenses

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24. Defendant Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable

force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Denial of Medical Attention)

25. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

26. Plaintiff had a serious medical need.

27. Defendant Officers were deliberately indifferent to Plaintiff's serious medical need.

28. Defendant Officers were aware of a substantial risk of harm to Plaintiff's health and Defendants disregarded this risk by failing to take reasonable measures to address it.

29. Defendant Officers deliberate indifference to Plaintiff's serious medical need caused harm to Plaintiff.

30. After the Defendant Officers beat on Plaintiff and caused him severe injuries, Plaintiff was denied necessary medical attention.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. The acts of the Defendant Officers described in the above claims were willful and wanton, and committed in the scope of employment.

32. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

                Respectfully Submitted

                */s/Daniel M. Breen*
                Attorney for the Plaintiff

Breen Goril Law
111 W. Washington St., Suite 1500
Chicago, IL 60602
312-726-8222
admin@breenlawchicago.com